[Crim. No. 1606. Third Appellate District.—February 15, 1938.]

THE PEOPLE, Respondent, v. J. A. ROSENBERG, Appellant.

William E. Ferriter and W. F. Herron for Appellant.

U. S. Webb, Attorney-General, and Gordon H. Hughes, Deputy Attorney-General for Respondent.

THE COURT.—The action as to Joseph Murphy appears to have been dismissed. The appellant J. A. Rosenberg was convicted upon an indictment filed in El Dorado County purporting to charge the appellant with violating certain provisions of the Corporate Securities Act. The indictment is in two counts. The charging part of count No. 1 is in the following words and figures: "The said J. A. Rosenberg and Joseph J. Murphy on or about the 26th day of March, A. D., 1937, in the said County of El Dorado, in the State of California, and before the finding of this indictment, did then and there unlawfully, feloniously and knowingly engage, either wholly or in part, in the business of selling, offering for sale, negotiating for the sale of, or otherwise dealing in securities issued by others and falling within the definition of the term 'securities' as stated in said Act, without having first applied for and secured from the Commissioner of Corporations a certificate, then in effect, authorizing the said J. A. Rosenberg or the said Joseph J. Murphy so to do, to-wit: Did then and there receive from one Leo E. Flynn 782 shares of Transamerica Corporation stock, owned by said Leo E. Flynn for the purpose of selling at market, the proceeds thereof to be used for the purchase of Landowners Produc-

ing Oil Royalty for the account of said Leo E. Flynn, all contrary to and in violation of Section six of the Corporate Securities Act (Chap. 532, Stats. 1917, as amended; Act 3814, Deering's General Laws of Cal. 1931, as amended.)''

Count No. 2 is in identical language, save and except that the stock referred to was received by the appellant from one Kathleen C. Flynn.

 The appellant urges two grounds for reversal:

1st. That the indictment charges no public offense;

2d. That the testimony introduced at the trial failed to show the commission of any public offense.

Omitting all that part of the indictment which is merely language expressing the conclusion of the pleader, the indictment charging the offense is as follows:

''The said J. A. Rosenberg or the said Joseph J. Murphy did then and there receive from one Leo E. Flynn 782 shares of Transamerica Corporation stock owned by said Leo E. Flynn, for the purpose of selling at market, the proceeds thereof to be used for the purchase of Landowners Producing Oil Royalty.''

The attempted statement of facts constituting the offense in the second count is in identical language, save as to the name of Kathleen C. Flynn. It will be observed that the statement of the facts alleged to have constituted the commission of the offense fails to charge the appellant with selling, or attempting to sell any stock whatsoever, nor does it state any facts stating that the appellant was engaged in the business of stock selling. There is no statement in the indictment of any facts showing that the appellant ever solicited anyone to purchase the stock in question, or issued any circular, memorandum, notice, or otherwise soliciting purchasers for said stock. There is not one word in the indictment stating any facts showing that the appellant offered stock for sale, or negotiated for the sale of stock in question. It appears from the indictment that the stock in question was not issued by others, or of the performance of any act or language bringing the action of the appellant within any of the definitions or inhibitions of the statute contained in subdivision 10 of section 2 of the Corporate Securities Act relating to the meaning of the word ''broker''. Subdivision 10 of section 2, *supra,* reads as follows:

"The word 'broker' includes every person or company, other than an agent, who shall, in this state, engage either wholly or in part in the business of selling, offering for sale, negotiating for the sale of, or otherwise dealing in any security issued by others, or of underwriting any issue of such securities, or of purchasing such securities with the purpose of reselling them, or of offering them for sale to the public."

Nor is there any statement in the indictment which brings the act of the appellant within the terms and provisions of subdivision 8 of section 2 of the Corporate Securities Act, relating to the definition of the words "sell" or "sale". There is no charge in the indictment that the appellant was attempting, or did attempt to dispose of any stock for value. No bonus was mentioned; no contract of sale is shown, no option of sale is charged to have been given, no solicitation of sale; and no other act charged as coming within the inhibitions and definitions contained in said subdivision.

The facts of the case are likewise deficient in showing the commission of any public offense. In substance the testimony shows that the appellant received the stock in question, took it to San Francisco, put it in charge of the Anglo-California Bank, and the Anglo-California Bank, through a regularly licensed broker, succeeded in selling a portion of the stock. So far as the alleged offense is concerned, the testimony shows nothing more.

It is apparent from the foregoing that the indictment failed to charge, and the testimony likewise failed to show the commission of any public offense.

At the conclusion of the trial the appellant made a motion for a new trial, which was denied. From the order and judgment the defendant J. A. Rosenberg has appealed.

The order and judgment are reversed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on March 2, 1938.